# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DAVID BRIGHAM YOUNG,

              Plaintiff,          Case No. 2:12-cv-00091-KJD-PAL

vs.                                           **ORDER**

MERCURY CASUALTY COMPANY,

              Defendant.

       The court conducted a status conference on November 20, 2012. Plaintiff and his counsel Frederico Sayre and Thomas Beckham appeared. Philip John appeared on behalf of the Defendant.

       Among a number of matters discussed at the status conference was Defendant's Motion to Appoint Guardian Ad Litem (Dkt. #21) and Motion for Reconsideration (Dkt. #22). The motion for appointment of guardian ad litem requested appointment because of concerns about the Plaintiff's competency to understand the nature of these proceedings and to assist his counsel in the prosecution of this case. It is undisputed that Plaintiff suffered a traumatic and permanent brain injury. The motion for reconsideration addresses the undersigned's prior order that counsel for the Defendant depose Plaintiff's treating physicians, Dr. Paula Reid and Dr. Neil Jasey. The reason for the order was that counsel for both sides had a question about Plaintiff's current cognitive capacity. Initially, counsel for both sides agreed that this was a reasonable approach. However, since the hearing at which the depositions were ordered, Defendant obtained additional medical records leading counsel to conclude that taking these depositions at this time was unnecessary, time consuming, and expensive.

       At the November 20, 2012, hearing, the court directly canvassed Mr. Young about his understanding of the nature of this case and his ability to meaningfully communicate with his counsel to understand his litigation options. Mr. Young acknowledged that he had cognitive limitations and

described them on the record.  Without reiterating them all in this order, it now takes him more time to process information than it did before he was injured.  Additionally, it is easier for him to understand legal advice addressed in writing that he can review several times than it is to communicate orally about complex legal matters. However, after conducting the canvass, the court concluded that Mr. Young was competent to understand the nature of these proceedings and to assist counsel.  The court found Mr. Young candid, articulate, and knowledgeable about the nature and objectives of this case.  After canvassing Mr. Young, counsel for the Plaintiff and counsel for the Defendant both agreed with the court's assessment.  Counsel for Defendant indicated he would communicate with his client and co-counsel of record to determine whether the Defendant would withdraw their motion for appointment of a guardian ad litem.

On November 29, 2012, counsel filed a Stipulation and proposed Order to Withdraw Motion to Appoint Guardian Ad Litem (Dkt. #29).  However, the body of the stipulation and proposed order asks the court to "vacate" the motion to appoint guardian ad litem, rather than to allow the motion to be withdrawn.  The court concludes that this is a stylistic or typographical error as counsel for the parties discussed withdrawing the motion at the hearing, and the caption of the stipulation and proposed order indicates the parties' intent to stipulate to **withdraw** the motion to appoint guardian ad litem.

Accordingly,

**IT IS ORDERED** that:

1. Defendant's Motion to Appoint Guardian Ad Litem (Dkt. #21) is **DEEMED WITHDRAWN.**
2. Defendant's Motion for Magistrate Judge to Reconsider Order Re 17 Scheduling Conference (Dkt. #22) is **GRANTED** to the extent it requests relief from the order that Defendant depose Dr. Reid and Dr. Jasey to evaluate Plaintiff's cognitive capacity to understand the nature of these proceedings and to assist his counsel.

Dated this 30th day of November, 2012.

_____
Peggy A. Leen
United States Magistrate Judge