**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

DAVID BRIGHAM YOUNG,

        Plaintiff,

       v.

MERCURY CASUALTY COMPANY,

        Defendant.

Case No. 2:12-cv-00091-RFB-GWF

**<u>ORDER</u>**

Plaintiff's Motion to Compel (ECF No. 114)

This matter is before the Court on Plaintiff David Brigham Young's Motion to Compel filed on March 31, 2015 (ECF No. 114). In his Motion to Compel, Young seeks the production of documents withheld by Mercury on the basis of the attorney-client privilege and the work product doctrine. Alternatively, Young argues that Mercury has waived any privilege it could have asserted over certain documents by failing to include its assertions of privilege as to those documents in its original privilege log produced in its initial document production. See <u>id.</u> The Court held a hearing with respect to this motion on April 15, 2015. Minutes of Proceedings, ECF No. 133. At the hearing, the Court ordered Mercury to produce the documents identified at the hearing as CLAIMS 0324-609 directly to Young. <u>Id.</u> The Court also ordered Defendant Mercury Casualty Company ("Mercury") to submit certain documents to the Court under seal for *in camera* review. <u>Id.</u>

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). A court may order discovery of any relevant matter upon a finding of good cause. <u>Id.</u> "[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. Therefore, the Court applies Nevada law to determine the scope of the privileges asserted in this case.

**A**. **Attorney-Client Privilege**

"A client has a privilege to refuse to disclose, and to prevent any other person from disclosing, confidential communications: (1) between the client or the client's representative and the client's lawyer or the representative of the client's lawyer; (2) between the client's lawyer and the lawyer's representative; (3) made for the purpose of facilitating the rendition of professional legal services to the client, by the client or the client's lawyer to a lawyer representing another in a matter of common interest." Nev. Rev. Stat. § 49.095.

The Supreme Court of Nevada has approved the test announced in <u>Upjohn Co. v. United States</u>, 449 U.S. 383, 389-97 (1981), for applying the attorney-client privilege to the corporate setting. <u>Wardleigh v. Second Jud. Dist. Ct. In & For Cnty. of Washoe</u>, 891 P.2d 1180, 1184-85 (Nev. 1995). Under the <u>Upjohn</u> test, communications by corporate employees (but not the facts themselves) made to counsel for the corporation, acting in its capacity as legal counsel, are privileged if made "at the direction of corporate superiors in order to secure legal advice from counsel." <u>Upjohn</u>, 449 U.S. at 394.

**B.  Work Product Doctrine**

Generally, "a party may obtain discovery of documents and tangible things otherwise discoverable [i.e. relevant and nonprivileged] . . . and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative . . . only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Nev. R. Civ. P. 26(b)(3).

The Supreme Court of Nevada has held that "the materials resulting from an insurance company's investigation are not made 'in anticipation of litigation' unless the insurer's investigation has been performed at the request of an attorney." <u>Ballard v. Eighth Jud. Dist. Ct. of State In & For Cnty. of Clark</u>, 787 P.2d 406, 407 (Nev. 1990). However, a party cannot render

1   documents privileged merely "by injecting an attorney into the investigative process."

2   Columbia/HCA Healthcare Corp. v. Eighth Jud. Dist. Ct. In & For Cnty. of Clark, 936 P.2d 844,

3   848 (Nev. 1997). If the documents would have been prepared or created in the ordinary course of

4   business regardless of the attorney's involvement, they are not subject to work product

5   protection. Id.

6   **C.  Waiver of Privilege**

7   In proceedings in federal court, the scope of any implied waiver is a question of federal

8   law. Bittaker v. Woodford, 331 F.3d 715, 726 (9th Cir. 2003). Under federal law, there is no *per*

9   *se* rule that a privilege is waived if the privilege log is not produced within 30 days as required

10  by Fed. R. Civ. P. 34. Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of

11  Mont., 408 F.3d 1142, 1149 (9th Cir. 2005). Instead, the court makes a case-by-case

12  determination, considering the following factors: the degree to which the assertion of privilege

13  enables the party seeking discovery and the court to evaluate whether each withheld document is

14  actually privileged; **t**he timeliness of the assertion of privilege and accompanying information;

15  **t**he magnitude of the document production; and any other circumstances that would make

16  responding to discovery in this case particularly easy or particularly difficult. Id. at 1149. "These

17  factors should be applied in the context of a holistic reasonableness analysis, intended to forestall

18  needless waste of time and resources, as well as tactical manipulation of the rules and the

19  discovery process." Id.

20

21  **ORDER**

22  The Court has considered whether Mercury should be held to have waived its privilege

23  with respect to the documents identified in its Amended Privilege Log as MCF 000001-55. Upon

24  consideration of the Burlington factors, the Court declines to hold that Mercury has categorically

25  waived all of its privilege assertions.

26  However, after conducting an *in camera* review of the documents provided by Mercury,

27  the Court finds that certain documents or portions of the documents are either not properly

28  subject to any privilege asserted by Mercury, or any privilege was waived by other disclosures

1   by Mercury that would render continued assertion of the privilege unfair to Young.

2          Therefore, **IT IS ORDERED** that Plaintiff David Brigham Young's Motion to Compel

3   (ECF No. 114) IS GRANTED IN PART AND DENIED IN PART. Defendant Mercury Casualty

4   Company shall produce the documents or portions of documents listed below to Plaintiff by

5   **Friday, May 8, 2015 (where a document has multiple redactions the Court notes below**

6   **which redactions must be removed, and a redaction not identified for removal may remain**

7   **in the produced document):**

8   - The document identified with the Bates stamp **MCF 000018**, removing the first

9     redaction;

10  - The document identified with the Bates stamp **MCF 000024**, removing the first

11    redaction;

12  - The document identified with the Bates stamp **MCF 000026**, removing the last redaction;

13  - The document identified with the Bates stamp **MCF 000027**, removing all redactions;

14  - The document identified with the Bates stamp **MCF 000028**, removing the second

15    redaction;

16  - The document identified with the Bates stamp **MCF 000039**, removing the second

17    redaction;

18  - The document identified with the Bates stamp **MCF 000041**, removing all redactions;

19  - The documents identified as **Exhibit B** of Mercury's sealed submission to the Court for

20    *in camera* review (ECF No. 132), with the exception of the document identified with the

21    Bates stamp **MCF 000397**; and

22  - The documents identified as **Exhibit C** of Mercury's sealed submission to the Court for

23    *in camera* review (ECF No. 132).

24

25          DATED: May 6, 2015.

26

27          _____

28          **RICHARD F. BOULWARE, II**
            **United States District Judge**

- 4 -