BENJAMIN J CARMAN, NV Bar #12565
L. RENEE GREEN, NV Bar # 12775
HAGER & DOWLING
4045 Spencer Street, Suite 408
Las Vegas, NV 89119
702-586-4800; Fax: 702-586-0831
service@hdlawvegas.com
Attorneys for Defendant
MERCURY CASUALTY COMPANY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| **DAVID BRIGHAM YOUNG**, | Case No. 2:12-cv-00091-KJD-GWF |
| Plaintiff, | |
| v. | |
| **MERCURY CASUALTY COMPANY**, | |
| Defendant. | |

# MOTION *IN LIMINE* TO EXCLUDE TESTIMONY AND EXPERT REPORT OF RICHARD CASS

COMES NOW, Defendant MERCURY CASUALTY COMPANY, by and through its attorneys of record, HAGER & DOWLING, P.C., and hereby files its Motion *in Limine* to Exclude the Testimony and Expert Report of Richard Cass.

\\
\\
\\
\\
\\
\\
\\
\\

This Motion is made and based upon the pleadings on paper and file herein, the following points and authorities, and any oral argument the Court will entertain at the hearing of the motion.

DATED this 23rd day of July, 2015.

          HAGER & DOWLING

          By *[signature]*
          Benjamin J. Carman, Esq.
          L. Renee Green, Esq.
          Attorneys for Defendant
          Mercury Casualty Company

## I.

## **INTRODUCTION**

Defendant Mercury Casualty Company ("Mercury") seeks by this Motion an order precluding the testimony and expert report of Richard Cass. The basis for this motion is the fact that Mr. Cass' testimony at his deposition, as well as his three reports, demonstrate that the actual basis for nearly all of his opinions are conclusions of law. Rendering "expert" opinions that range from alleged violations of NRS 686A.310 through acts of bad faith that meet the "*Pemberton* standard," Mr. Cass relies on cases, statutes, administrative code, and even jury instructions in rendering his opinions. Though he halfheartedly made vague reference to "industry standards" on occasion, when pressed he always cited to law as the foundation for his opinions.

And the opinions themselves are mere conclusions of law. He opines that Mercury acted in bad faith because it withheld documents in the first, dismissed bad faith suit. He opines that jury instructions from another jurisdiction demonstrate Mercury acted in bad

1  faith because it breached fiduciary duties.  He renders direct legal opinion, and barely even
2  attempts to disguise it as expert testimony.  Plaintiff's counsel also erroneously believes
3  that Mr. Cass can testify to ultimate issues or draw legal conclusions.  For these reasons,
4  the Court should preclude all such testimony, opinions, references to testimony, and
5  evidence presented by Mr. Cass.

## II.
## ARGUMENT

8       Expert witnesses cannot testify as to their opinion on the state of the law or give
9  legal conclusions.  *U.S. v. Tammam*, 782 F.3d 543, 552 (9th Cir. 2015); *Buzz Stew, LLC v.
10 City of N. Las Vegas*, 341 P.3d 646, 651, 131 Nev. Adv. Op. 1 (Nev. 2015), Fed.R.Evid.
11 702(a) (2014).  "Expert testimony is not proper for issues of law."  *Crow Tribe of Indians
12 v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996).  "[I]nstructing the jury as to the applicable
13 law is the distinct and exclusive province of the court."  *Hangarter v. Provident Life &
14 Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004); Fed.R.Evid. 702 (2014).
15      In *Cass Information Systems*, an insurance company appealed to the Ninth Circuit
16 Court of Appeals the lower court's decision to exclude an expert's testimony regarding the
17 expert's legal conclusions related to the duties that a business was required to follow.
18 *Nationwide Transport Finance v. Cass Information Systems, Inc.*, 523 F.3d 1051, 1058
19 (9th Cir. 2008).  In its appeal, the insurer claimed that its experts should be allowed to use
20 terminology from applicable law in expressing their opinions. *Id.* at 1059.  Although the
21 court recognized that an expert could discuss facts in evidence even if they are couched in
22 legal terms, the expert cannot instruct the jury on legal issues or state an opinion as to an
23 ultimate issue of law. *Id.* at 1058-1059.  To do so invaded the province of the Court. *Ibid*.
24 The Court affirmed the lower court's ruling of excluding the expert's assertions of
25 numerous legal conclusions. *Ibid*.
26      Mr. Cass' reports contained numerous legal conclusions, most of which pertained to
27 his opinions of how Mercury violated the Unfair Claim Practices Act.  See **Exhibit A**,
28 Richard Cass' Report dated February 1, 2013; **Exhibit B**, Richard Cass' Report dated

February 9, 2013; **Exhibit C**, Richard Cass' Report dated May 9, 2015.  He also cited and copied excerpts of jury instructions and case law to support his legal analysis.  See *Ibid*.

For example, Mr. Cass declared that Mercury violated NRS 686A.310(a) when it supposedly did not describe benefits under the Underinsured Motorist coverage[1].  See Although Mr. Cass disguised these violations as "standards," he solely quoted the law and gave his legal opinion of Mercury's actions that allegedly violated the law.  See *Ibid*.  He even admitted to such during the deposition by purely citing the Nevada Administrative Code and Nevada Revised Statutes to support his opinions while citing no industry standards.[2]  He further admitted that his interpretation of case law, statutes and regulations are not considered industry standards[3].

He also erroneously stated that Mercury violated the Unfair Claim Practices Act during litigation after Mr. Young's claim file was closed[4].  He even opined what an attorney's conduct should be with opposing counsel after litigation commenced in relation to the attorney's separate code of ethics when in fact he is not an attorney.  *Ibid*.  By asserting that Mercury violated the law by making legal conclusions, Mr. Cass went beyond his scope as an expert and entered the province of the Court, which is improper.  See *Hangarter*, 373 F.3d at 1016.

Mr. Cass also claimed Mercury violated NRS 686A.310(a) when Mercury supposedly failed to notify Mr. Young that he may need to take an examination under oath ("EUO") at the beginning of the claim and later requested an independent medical examination ("IME")[5].  However, to support his claims, he only cited to law and offered his legal interpretation as to how Mercury violated that law[6].

Mr. Cass also went beyond his authority as an expert when he legally concluded that Mercury violated NRS 686.310(c).  Specifically, Mr. Cass claimed that Mercury

---

[1] **Exhibit A**, p. 3; **Exhibit B,** p. 3; See **Exhibit D**, excerpts from the transcript of Richard Cass' Deposition pp. 57:6-57:9; **Exhibit C**, p. 2.
[2] **Exhibit D**, pp. 57:19-57:20; 58:14-58:20; 64:10-65:10; 73:24; 74:18, 209:1-209:18
[3] **Exhibit D**, pp. 140:2-140:8, 226:3-226:8
[4] **Exhibit A**, p. 3; **Exhibit B**, p. 2; **Exhibit D**, pp. 80:20-82:13
[5] **Exhibit A**, p.4; **Exhibit B**, p. 4; **Exhibit C**, p.3
[6] *Ibid*., **Exhibit D**, pp. 111:9-113:8

violated NRS 686A.310(c) when it supposedly failed to provide certain material to opposing counsel during litigation[7]. He also claimed that Mercury violated this statute when it supposedly failed to obtain statements from third parties who refused to speak with the insurance company[8].

Although he claimed that Mercury's litigation conduct is bad faith, he cited nothing other than statutes or the Nevada Administrative Code to support his conclusion that Mercury violated the law[9]. *Id* at pp 5-6; Again, he relies on his opinion from speaking with other attorneys and reading case law such as *Pemberton* in establishing his erroneous legal conclusion that Mercury committed bad faith during litigation[10]. Asserting his opinion regarding how Mercury violated the law surmounts to him providing a legal conclusion, which is improper because he attempts to instruct the jury to the applicable law regarding bad faith and violations under the Unfair Claim Practices Act. *Ibid*; *Cass Information Systems, Inc.*, 373 F.3d at 1016.

Improperly citing to case law and using that as evidence that Mercury supposedly violated the law also demonstrates that Mr. Cass extended his boundaries beyond permissible expert testimony. *Ibid.* In his report and during his deposition, Mr. Cass specifically cited the Nevada Supreme Court case *Pemberton* in supporting his position that Mercury's alleged conduct during litigation were actions of bad faith[11]. Mr. Cass even admitted that his only basis for making this conclusion that Mercury's alleged litigation conduct constituted bad faith was based of his interpretation of *Pemberton* and other similar cases[12]. *Ibid.* Experts cannot express their opinion as to questions of law. *Cass Information Systems, Inc.*, 373 F.3d at 1058. Rather, this duty is left for the Court. *Ibid.* Due to Mr. Cass improperly providing legal opinions and testimony regarding how Mercury violated NRS 686.310, his testimony regarding these matters should be excluded. *Ibid.*

---

[7] **Exhibit A**, p .5; **Exhibit B**, p. 5
[8] **Exhibit C**, p. 4
[9] **Exhibit D**, pp. 59:23-60:6, 60:16-61:6
[10] **Exhibit D**, pp. 85:4-90:1
[11] **Exhibit A**, p. 5; **Exhibit B**, p. 5; **Exhibit D**, pp. 62:4-63:22
[12] **Exhibit D**, pp. 78:25-80:18, 138:20-139:1

Mr. Cass continued to improperly provide his legal conclusions of how Mercury violated the law when he claimed that Mercury violated NRS 686.310(e)[13]. NRS 686.310(e); Specifically, Mr. Cass overreached his ability to give expert testimony when he legally concluded that Mercury supposedly violated NRS 686.310(e) when it found Mr. Young at fault for the accident[14]. *Ibid*;

He also improperly and legally concluded that Mercury violated this section of the law when it supposedly failed to inform Mr. Young about the medical records in its possession or inform Mr. Young of reasons for Mr. Young to undergo an IME and EUO[15]. Just as the Court in *Cass Information Systems, Inc.* affirmed that aspects of the expert witness's testimony were not admissible because it provided legal conclusions, Mr. Cass' testimony and reports are not admissible because they are filled with legal conclusions and erroneous interpretations of the law.   See *Cass Information Systems, Inc.*, 373 F.3d at 1058.

The continuation of Mr. Cass exceeding the scope of expert testimony evidences itself when he further claimed that Mercury violated NRS 686.310(f) when it allegedly compelled Mr. Young to institute litigation to recover amounts due under the insurance policy[16]. Mr. Cass also cited to jury instructions from another jurisdiction to claim that Mercury committed bad faith[17]. Mr. Cass admitted that jury instructions are nowhere to be found in any coursework for the certifications that he obtained[18]. As stated previously and for the same reasons, Mr. Cass' testimony regarding his interpretations and conclusions of the law should be excluded.  See *Cass Information Systems, Inc.*, 523 F.3d at 1058.

Mr. Cass also exceeded permissible testimony when he opined Mercury violated NRS 686.310(n) when it allegedly failed to pay Mr. Young when liability was certain[19]. ; Once again, Mr. Cass cited no industry standard or practice. *Ibid.*  Rather, Mr. Cass

---

[13] **Exhibit A**, p. 6; **Exhibit B**, p. 6; **Exhibit D**, pp. 132:24-133:13, 167:13-167:22; **Exhibit C**, p. 7
[14] **Exhibit D**, pp. 133:10-133:20; **Exhibit A**, p. 6; **Exhibit B**, p. 6; **Exhibit B**, p. 8
[15] **Exhibit D**, pp. 134:4-135:2
[16] **Exhibit D**, pp. 167:10-168:1
[17] **Exhibit D**, pp. 168:2-168:19; **Exhibit A**, p. 7; **Exhibit B**, p. 7
[18] **Exhibit D**, pp. 169:4-169:18
[19] **Exhibit D**, pp. 169:22-171:5; **Exhibit A**, p. 6; **Exhibit B**, p. 6

MOTION *IN LIMINE* TO EXCLUDE TESTIMONY AND EXPERT REPORT OF RICHARD CASS.

1 provided his legal conclusion in matters from which is the province of the Court. Thus, his
2 reports and testimony should be excluded. *Cass Information Systems, Inc.*, 523 F.3d at
3 1058.

4     Moreover, he used jury instructions to indicate the law that a jury would be given in
5 this case and even admitted to such[20]. Mr. Cass provided legal conclusions regarding
6 whether a person owes a duty as a driver, which is also improper. *Ibid*. An expert cannot
7 instruct a jury or assert legal conclusions as to the applicable law because that ability is
8 reserved for the distinct and exclusive province of the Court. *Hangarter*, 373 F.3d at 1016.

9     Plaintiff's counsel is bold and does not conceal the fact it believes Mr. Cass can
10 testify as to ultimate issues and legal conclusions. See **Exhibit E**, Emails between
11 Mercury's counsel and Young's counsel dated July 22, 2015. Plaintiff's counsel also
12 erroneously stated that Mr. Cass could testify as to his legal opinions on the false basis that
13 he graduated from the University of Arizona law school. *Ibid*. Not only did he not
14 graduate from law school, he is not an attorney[21]. Moreover, it is well established law that
15 experts cannot testify about the law and thus Mr. Cass' reports and testimony must be
16 excluded. See *Raicot*, 87 F.3d at 1045; *Hangarter*, 373 F.3d at 1016; *Cass Information*
17 *Systems, Inc.*, 523 F.3d at 1058; *U.S. v. Tammam*, 782 F.3d at 552.

18 <h3 style="text-align:center"><u>CONCLUSION</u></h3>

19     Mr. Cass repeatedly makes legal conclusions as to his beliefs of how Mercury
20 violated the law and gives legal instruction that would be provided to a jury. This use of
21 expert testimony is improper and should only be reserved for the Court. Though it is
22 anticipated Mr. Young will argue that Mr. Cass was simply stating industry standards, his
23 testimony demonstrates amply that his sole basis for his opinions are his own legal
24 conclusions. As a person who completed at least two years of law school, it is apparent
25 Mr. Cass is more than willing to share his legal opinions, supported by law and even jury
26 instructions, under the guise of expert testimony. This is improper. Due to Mr. Cass'

27

28

---

[20] **Exhibit D**, pp. 192:5-192:16; 193: 2-193:19; 226:14-226:23
[21] **Exhibit D**, pp. 6:23-7:11

failure to provide expert testimony within the parameters of the law, Mercury asks that Mr. Cass' report and testimony be excluded from trial.

DATED this 23rd day of July, 2015.

HAGER & DOWLING

By /s/
Benjamin J. Carman, Esq.
L. Renee Green, Esq.
Attorneys for Defendant
Mercury Casualty Company

<u>PROOF OF SERVICE</u>

STATE OF NEVADA, COUNTY OF CLARK

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Clark, State of Nevada. My business address is 4045 Spencer Street, Suite 408, Las Vegas, Nevada 89119.

On July 23, 2015, I served true copies of the following document(s) described as **MOTION *IN LIMINE* TO EXCLUDE TESTIMONY AND EXPERT REPORT OF RICHARD CASS** on the interested parties in this action as follows:

| | |
|---|---|
| Barbara I. Johnston, Esq.<br>8309 Shad Bush Ave.<br>Las Vegas, NV 89149 | Plaintiff's Attorney |
| Matthew Callister, Esq.<br>Callister & Reynolds<br>823 Las Vegas Blvd. South, 5th Floor<br>Las Vegas, NV 89101<br>Telephone: 702-385-3343<br>Facsimile: 702-385-2899<br>E-Mail: mpp@call-law.com | Plaintiff's Attorney |

**VIA THE UNITED STATES DISTRICT COURT CM/ECF SYSTEM**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 23, 2015, at Las Vegas, Nevada.

_____
An employee of HAGER & DOWLING

---

9
**MOTION *IN LIMINE* TO EXCLUDE TESTIMONY AND EXPERT REPORT OF RICHARD CASS.**