BENJAMIN J CARMAN, NV Bar #12565
L. RENEE GREEN, NV Bar # 12775
HAGER & DOWLING
4045 Spencer Street, Suite 408
Las Vegas, NV 89119
702-586-4800; Fax: 702-586-0831
service@hdlawvegas.com
Attorneys for Defendant
MERCURY CASUALTY COMPANY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| **DAVID BRIGHAM YOUNG**, | Case No. 2:12-cv-00091-KJD-GWF |
| Plaintiff, | |
| v. | |
| **MERCURY CASUALTY COMPANY**, | |
| Defendant. | |

### MERCURY CASUALTY COMPANY'S REQUEST FOR LEAVE OF THE COURT TO FILE A REPLY TO THE MOTION *IN LIMINE* TO EXCLUDE TESTIMONY AND EXPERT REPORT OF RICHARD CASS

Pursuant to the District Court of Nevada's Local Rule 16-3, Mercury Casualty Company ("Mercury") respectfully requests leave to file a reply to the Motion in Limine to Exclude Testimony and Expert Report of Richard Cass. Plaintiff brought up new issues, including red herring issues, and also misstates the facts and law in his Response that are better addressed with a reply with points of authorities.

Specifically, Mercury seeks leave to file a reply to allow it to explain to the Court that Plaintiff cited the wrong standard in assessing a motion in limine. Plaintiff claimed that the standard of whether the Court allows admission or exclusion of expert testimony is clear abuse of discretion. See Plaintiff's Response to Motion in Limine to Exclude

1 Testimony and Expert Report of Richard Cass p 5: 11-14.  Furthermore, Plaintiff cited no
2 law to support this contention.  *Ibid*.  Plaintiff cited the wrong standard because abuse of
3 discretion is actually the standard that the Court of Appeals uses when reviewing a district
4 court's ruling on a motion in limine.  See *U.S. v. Ross*, 206 F.3d 896, 898 (9th Cir. 2000).

5    Plaintiff also erred in comparing the motion in limine to sanctions when he asks the
6 court for less severe sanctions.  See Plaintiff's Response to Motion in Limine to Exclude
7 Testimony and Expert Report or Richard Cass p 17: 10-11.  Motions in limine are not used
8 to ask for sanctions, but are rather used to exclude inadmissible evidence when the
9 mention of such evidence during trial would be highly prejudicial and could not be
10 remedied by an instruction to disregard.  *Croswell v. Union Pacific R. Co.*, 2010 WL
11 3463605 (D. Nev. 2010).

12    Not only did Plaintiff misstate the law, but Plaintiff also misstated the facts
13 surrounding Mr. Cass' expert testimony and reports.  Hence, Mercury requests that the
14 Court allow it to address these issues.

16    Respectfully submitted.

18    DATED this 12th day of August, 2015.

20        HAGER & DOWLING

22        By _____
23        Benjamin J. Carman, Esq.
          L. Renee Green, Esq.
24        Attorneys for Defendant
25        Mercury Casualty Company

2
**DEFENDANT'S REQUEST FOR LEAVE TO FILE REPLY.**

<u>PROOF OF SERVICE</u>

STATE OF NEVADA, COUNTY OF CLARK

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Clark, State of Nevada. My business address is 4045 Spencer Street, Suite 408, Las Vegas, Nevada 89119.

On August 12, 2015, I served true copies of the following document(s) described as **MERCURY CASUALTY COMPANY'S REQUEST FOR LEAVE OF THE COURT TO FILE A REPLY TO THE MOTION *IN LIMINE* TO EXCLUDE TESTIMONY AND EXPERT REPORT OF RICHARD CASS** on the interested parties in this action as follows:

| | |
|---|---|
| Barbara I. Johnston, Esq.<br>8309 Shad Bush Ave.<br>Las Vegas, NV 89149 | Plaintiff's Attorney |
| Matthew Callister, Esq.<br>Callister & Reynolds<br>823 Las Vegas Blvd. South, 5th Floor<br>Las Vegas, NV 89101<br>Telephone: 702-385-3343<br>Facsimile: 702-385-2899<br>E-Mail: mpp@call-law.com | Plaintiff's Attorney |

**VIA THE UNITED STATES DISTRICT COURT CM/ECF SYSTEM**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 12, 2015, at Las Vegas, Nevada.

An employee of HAGER & DOWLING